IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00162-MJW

PAUL A. HERNANDEZ,

Plaintiff,

v.

THE BOARD FOR CORRECTION OF NAVAL RECORDS and
THE DEPARTMENT OF THE NAVY,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

     This matter comes before the Court on the parties' Joint Motion For Remand to the Board for Correction of Naval Records and For Administrative Closure (Docket No. 8). In this case, Plaintiff seeks an order compelling "Defendants to comply with various provisions of the United States Code" and, ultimately, asks the Court to compel Defendants to award Plaintiff a "Purple Heart for the wounds suffered on October 14, 1969." (Docket No. 1 ¶¶ 6, 13.) In the instant motion, the parties ask the Court to remand this case to the Board for Correction of Naval Records ("BCNR") for an initial determination regarding Plaintiff's claims and to administratively close this case pending an administrative determination by the BCNR. (Docket No. 8 at 1.)

     In his Complaint, Plaintiff details the steps he took to correct his service record prior to filing this lawsuit. He notes that he previously submitted an application to the BCNR, but that the BCNR was unable to obtain his service records and, therefore, the BCNR closed his application without reaching a determination as to the merits of Plaintiff's application. (Docket No. 1 ¶¶ 19-23.) Through this lawsuit, Plaintiff asks the Court to order Defendants, including BCNR, to adjudicate Plaintiff's application on the merits and to award a Purple Heart to him. (*Id.* ¶¶ 29, 32.) While Plaintiff also initially sought attorney's fees and costs, in the instant motion Plaintiff withdraws that request. (Docket No. 8 at 2.)

     The Court finds that the requested relief is both necessary and in the interest of justice. While Plaintiff has attempted to exhaust his administrative remedies, the BCNR never ruled on the merits of his application. Therefore, there is no BCNR ruling that can be reviewed by this Court. *Cf. Bard v. Seamans*, 507 F.2d 765, 769-70 (10th Cir. 1974)

(discussing exhaustion requirement).  In order to allow the parties to complete the administrative review process, the Court finds that remanding this case to the BCNR and administratively closing this case pending a determination by the BCNR serves the interests of justice.  *See, e.g., Magneson v. Mabus*, 85 F.Supp.3d 221, 229-30 (D.D.C. 2015) (remanding case to the BCNR for further proceedings).

Accordingly, it is hereby ORDERED that this case is remanded to the Board for Correction of Naval Records for consideration of Plaintiff's application.

It is further ORDERED that this case is administratively closed pursuant to D.C.COLO.LCivR 41.2.  Plaintiff or Defendants may file a motion to reopen this case for good cause.

It is further ORDERED that within 15 days of issuance of a determination regarding Plaintiff's application by the BCNR, Plaintiff shall file either a motion to dismiss this case or a motion to reopen this case for good cause.

Date: March 14, 2016